# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL POTEE,

        Petitioner, : Case No. 1:18-cv-609

- vs -         District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

Warden,
Chillicothe Correctional Institution,

        :

        Respondent.

## DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case ("Report," ECF No. 10). Although Petitioner was represented by counsel until after the Report was filed, he has now discharged his attorney and filed the Objections *pro se* (ECF No. 11).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* all the objections made by Petitioner. Based on that review, the Court ADOPTS the Report and DISMISSES the case on the following bases.

## Ground One: Improper Venue

In his First Ground for Relief, Petitioner asserts he was improperly tried in Clermont County for a drug transaction that took place in Hamilton County. The Magistrate Judge recommended dismissing this claim because it does not state a claim for relief under the United State Constitution. That is to say, no clause of the Constitution commands that an Ohio criminal case must be tried in the county where the offenses occurred.

Potee frames his objections as a "First Assignment of Error." He argues his venue claim as a matter of due process under Article 10, § 1 of the Ohio Constitution and Ohio R. Crim. P. 7(A). He cites Ohio case law for the proposition that the prosecution must prove beyond a reasonable doubt that the alleged crime occurred in the county where the indictment was returned (Objections, ECF No. 14, PageID 1852, citing *State v. Meridy*, 2005-Ohio-241 (Ohio App. 12th Dist. Jan. 24, 2005), which cites *State v. Nevius*, 147 Ohio St. 263 (1947), for the same proposition.

This objection misses the point of the Magistrate Judge's analysis of Ground One. Habeas corpus relief can only be granted for violations of the United States Constitution, whatever the Ohio Constitution may require. The fact that a particular procedure is required by state law does not mean that it is required by federal due process. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

2

If venue were an element of the crimes charged, then the State would be required to prove it beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). But the Supreme Court of Ohio has held venue is not a material element of any offense charged. *State v. Headley*, 6 Ohio St.3d 475, 477, 6 Ohio B. 526, 453 N.E.2d 716 (1983).

Potee's second objection, framed as a Second Assignment of Error, also complains of improper venue (Objections, ECF No. 14, PageID 1853).

Petitioner's first and second objections are without merit and are hereby OVERRULED.

### Third Ground: Failure to Merge Offenses

Petitioner's third objection ("assignment of error") is that the trial court failed to merge the drug trafficking and corrupting another with drugs convictions (Objections, ECF No. 14, PageID 1854). The Petition never raised a claim of failure to merge or Double Jeopardy in federal constitutional terms. A new claim in habeas corpus cannot be raised for the first time in objections to a dispositive Report and Recommendations. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

### Fourth Ground: Insufficient Evidence to Support Conviction

Petitioner objects that there was insufficient evidence to support conviction on two counts of corrupting another with drugs and on the involuntary manslaughter count. He had raised a manifest weight of the evidence assignment of error on direct appeal and the Twelfth District

3

overruled that assignment. The Report quoted that decision at length and found that under Sixth Circuit precedent a decision that a conviction is not against the manifest weight of the evidence implicitly holds that there is sufficient evidence. Based on the evidence in the record, the Report concluded the Twelfth District's decision was not an unreasonable application of controlling Supreme Court precedent, to wit, *Jackson v. Virginia*, 443 U.S. 307 (1979)(ECF No. 10, PageID 1837).

Having reviewed the Report *de novo* in light of Petitioner's Objections, the Court agrees with the Magistrate Judge's finding: the Twelfth District's decision that there was sufficient evidence to convict is entitled to deference under 28 U.S.C. § 2254(d)(1).

**Conclusion**

Petitioner's Objections are OVERRULED and the Report is ADOPTED. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 16, 2020.

Susan J. Dlott
United States District Judge